## Pepsi-Cola Bottling Company Appeal

736

*Anthony Trambley*, for appellant.
*Alvin B. Coppolo*, for appellee.

GREINER, P. J., March 31, 1966.—The facts of this case are set forth in the record certified by the Board of Adjustment for the Borough of St. Marys, Elk County, Pa., and also as summarized in the well prepared briefs of counsel for both parties. There is no contradictory evidence to be reconciled. Respondent's counsel agreed that Pepsi-Cola Bottling Company's operation at the site in question was a legal nonconforming use and that with respect to such use, there had been no abandonment. Therefore, the sole issue is whether the proposed use for which application was made, to wit, to remodel the existing structure for use as an automobile garage for the repair and sale of new and used automobiles and trucks, meets the ordinance requirements of "higher or equal use but not to a lower use" of the existing nonconforming use: St. Mary's Borough Ordinance No. 567, article IX—General Regulations, sec. 9(5).

In deciding this issue, we are compelled to follow our opinion of February 4, 1966, in In re Appeal of Jack Stern, Samuel Yorns and Mildred Yorns, C. P. of Elk County, May term, 1965, no. 257, in all basic respects: (1) The constitutional limitations on municipal zoning, which, being in derogation of the common law, are subject to the requirement of strict construction; (2) the limits imposed upon the court in reviewing decisions of the zoning board of adjustment; (3) the in-

terpretation of ordinance no. 567, in accordance with the requirements of the Statutory Construction Act of May 28, 1937, P. L. 1019. In applying the law relating to these basic principles, as set forth in said opinion, to the facts of the instant case, it again must be emphasized that the court must only interpret the ordinance as enacted and ordained by the elected officials of the Borough of St. Marys. The court is not at liberty to either substitute personal desires or opinions for that of the elected officials or to arrive at a decision that would more accurately reflect the desires and objectives of those elected officials, as opposed to what was actually expressed in the ordinance as adopted.

The pertinent sections of the ordinance are as follows:

"ARTICLE II—DISTRICTS AND BOUNDARIES

"Section 1

"For the purpose of this Ordinance all land within the Borough of St. Marys is hereby divided and classified in the following districts:

"D-1 Dwelling District
"D-2 Dwelling District
"B-1 Business District
"B-2 Business District
"I-1 Industrial District
"I-2 Industrial District . . ."

"Section 3

"No building shall hereafter be erected or altered: . . .

"e-to be used for a use other than is specified herein for the District in which building, use, or structure is located".

"ARTICLE VII-I-1—INDUSTRIAL DISTRICT

"In I-1 Industrial Districts the following regulations shall apply:—

"Permitted Uses . . .

"A building may be erected or used, and a lot may be

used or occupied for any of the following purposes, and no other:

"All uses permitted in the B-2 District,

"All uses not otherwise prohibited by law,

". . .

"Wholesale bakery".

"ARTICLE VI-B-2—BUSINESS DISTRICT

"In B-2 Business Districts the following regulations shall apply:

"Permitted Uses

"A building may be erected or used, and a lot may be used or occupied for any of the following purposes, and no other:—

"All uses permitted in the B-1 District".

"ARTICLE V-B-1—BUSINESS DISTRICT

"In B-1 Business Districts the following regulations shall apply:

"Permitted Uses

"A building may be erected or used, and a lot may be used or occupied for any of the following purposes, and no other: . . .

"Theatres, billiard or pool parlors, bowling alleys, *garages, filling stations*". (Italics supplied.)

"ARTICLE IX—GENERAL REGULATIONS

"Section 9

"Uses legally established on the effective date of this Ordinance and rendered non-conforming by the provisions thereof, shall be subject to the following regulations:

"In the D-1 District the following requirements for non-conforming uses shall apply: . . .

"5. An existing non-conforming use may be changed to a higher or equal use but not to a lower use".

Although Article 1, Definitions sets forth 22 separate principal definitions, some of which are further subdivided, a close review of all of these definitions discloses no reference to, nor definition of, the terms

"higher" or "equal use" or "lower use". Thus, being guided by common sense, as well as the Statutory Construction Act, we are obligated to apply the common and approved usage of words and phrases in the context in which we find them. We, therefore, have no alternative but to conclude that the terms "higher use", "equal use" and "lower use" relate to the use classification enacted and ordained by the borough authorities as summarily listed under article II and defined in detail under their respective succeeding articles. It is equally clear that the admittedly legal nonconforming use of the former operation conducted by Pepsi-Cola Bottling Company, with no question of abandonment involved, falls within the permitted uses of article VII-I-1—Industrial District, which I-1 industrial district encompasses all of the uses permitted in the B-2 business district, which, in turn, encompasses all of the permitted uses in the B-1 business district. The latter specifically permits garages and filling stations, as well as public and private parking lots.

Thus, as heretofore indicated, the court emphasizes that it cannot usurp the legislative functions of the Mayor and Council of the Borough of St. Marys in direct defiance of our respective statutory authorities and limitations; nor can we apply equitable principles merely to achieve an end result that might be compatible with the desires of the borough administration and the court. We are subject to the ordinance as enacted and adopted.

For the foregoing reasons, we are, therefore, compelled to conclude that the board of adjustment committed an error of law in sustaining the action of the borough manager in refusing to issue a building permit to the Pepsi-Cola Bottling Company of St. Marys.

ORDER

And now, to wit, March 31, 1966, the appeal of

Pepsi-Cola Bottling Company of St. Marys from the refusal of the St. Marys Zoning Board of Adjustment to grant its application for the use of the premises at 621-23 Maurus Street, St. Marys, Elk County, Pa., for a building permit to remodel its existing structure for the purpose of use as an automobile garage for the repair and sale of new and used automobiles and trucks, in accordance with the application submitted, is hereby sustained.